■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT TIMMINS, Appellant.— Judgment of the Supreme Court, Queens County, rendered May 11, 1972, affirmed. No opinion. The case is remitted to the Criminal Term for proceedings under CPL 460.50 (subd. 5) to require defendant to surrender himself for execution of the judgment. Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAMAR E. WILLIAMS, Respondent, v. WALTER J. FLOOD, as Warden of Nassau County Jail, Respondent, and PAROLE BOARD OF THE STATE OF NEW YORK, Appellant.— In a habeas corpus proceeding, the respondent Division of Parole of the Department of Correction appeals, as limited by its brief from so much of a judgment of the Supreme Court, Nassau County, entered October 4, 1972, as sustained the writ to the extent of directing the Parole Board to afford relator a preliminary hearing on the issue of parole violation. Judgment affirmed insofar as appealed from, without costs (*Morrissey* v. *Brewer*, 408 U. S. 471). Shapiro, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ DAVID SILVERSTEIN, Doing Business as SILVERSTEIN & Co., Appellant, v. EMPIRE MUTUAL INSURANCE Co., Respondent.— In an action to recover damages *inter alia* for alleged fraud, plaintiff appeals from an order of the Supreme Court, Queens County, dated May 10, 1971, which granted defendant's motion to dismiss the complaint and for summary judgment. Order reversed, with $10 costs and disbursements, and motion remanded to Special Term for further proceedings in accordance with the views herein set forth: Plaintiff alleged in his amended complaint that he had been fraudulently induced into believing that defendant had taken into account appropriate factors in computing the premiums on workmen's compensation and other insurance policies. It is claimed that knowledge of the fraud was acquired in May, 1961 and that the action was timely commenced in January, 1966. Defendant denied that the summons had ever been served and claimed that it appeared in the action voluntarily in 1968. A hearing is required to determine when plaintiff acquired knowledge of the facts constituting the alleged fraud and whether the action was commenced within six years thereafter. Rabin, P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ DAVID SILVERSTEIN et al., Doing Business as DAVID SILVERSTEIN & Co., Appellants, v. EMPIRE MUTUAL INSURANCE Co., Respondent, and SEYMOUR COPLON et al., Defendants.— Judgment of the Supreme Court, Queens County, entered October 26, 1970, affirmed insofar as appealed from by plaintiffs, with costs. No opinion. Appeal from the decision of the Special Referee denying plaintiffs' motion to increase the *ad damnum* dismissed, without costs. No appeal lies from a decision. However, the propriety of the Special Referee's ruling was reviewed on the appeal from the judgment. Hopkins, Acting P. J., Munder, Gulotta, Brennan and Benjamin, JJ., concur.